IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| INFO-HOLD, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. **1:08 CV 802** |
| | ) | |
| v. | ) | Judge: **J. BARRETT** |
| | ) | |
| Applied Media Technologies Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Info-Hold, Inc., by its counsel and for its Complaint against, Applied Media Technologies Corporation alleges as follows:

## THE PARTIES

1. Plaintiff Info-Hold, Inc. ("Info-Hold") is a Delaware corporation with its principal place of business at 4120 Airport Rd., Cincinnati, OH 45226.

2. Upon information and belief, Defendant Applied Media Technologies Corporation ("AMTC"), is a Florida Corporation with its principal place of business at 4091 AMTC Center Drive, Clearwater, Florida 33764.

3. AMTC has committed acts of patent infringement in the United States, including this district, and conducts continual, substantial and systematic business in this district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 35 U.S.C. Sections 1 *et seq.* and 28 U.S.C. Sections 1331 and 1338(a).

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. Sections 1391(b) and (c) and 1400(b).

## BACKGROUND FACTS

6. United States Letters Patent relevant to this action, entitled "Programmable Messaging System for Controlling Playback of Messages on Remote Music On-Hold-Compatible Telephone Systems and Other Message Output Devices," were duly and legally issued to Joey C. Hazenfield on November 23, 1999 as Patent No. 5,991,374 (the "374 patent").

7. On October 24, 2007 Joey C. Hazenfield executed an assignment, a copy of which is attached hereto as "Exhibit A", which assigned his rights under the '374 patent, including the right to sue and recover for past and future damages, to plaintiff Info-Hold.

8. At all times subsequent to its issuance, and prior to its assignment, Info-Hold was the sole licensee under the patent.

9. Defendant AMTC has committed and continues to commit acts of infringement in violation of 35 USC Section 271, including but not limited to, making, using, selling, offering for sale and/or importing on-hold messaging systems and methods claimed by the '374 patent and/or material components thereof, having no substantial non-infringing use.

## COUNT 1 FOR PATENT INFRINGEMENT

10. This cause arises under the Patent Act of 1952, 35 U.S.C. Section 1 *et seq.*, particularly 35 U.S.C. Section 271 and alleges patent infringement.

11. Plaintiff restates and realleges all the allegations contained in paragraphs 1-10 of this Complaint as if fully rewritten and set forth herein.

12. Upon information and belief, Defendant AMTC makes, uses, sells, and offers for sale, a product known as the "RemoteLink IP".

13. The RemoteLink IP appears to infringe the '374 patent.

14. Plaintiff has sought to acquire a RemoteLink IP unit for inspection and analysis, but AMTC has refused to provide one, directing Info-Hold instead to AMTC's website in order to ascertain the product's functions and characteristics.

15. After a review of the available information, Info-Hold alleges that AMTC, through the RemoteLink IP, infringes the '374 patent by direct infringement, inducing direct infringement and by contributing to the infringement of the patent by others.

16. AMTC's acts of infringement have been, are and will continue to be willful and deliberate, and in reckless disregard of plaintiff's patent rights.

17. Defendant's acts complained of herein have caused, and if not enjoined will continue to cause irreparable harm and damage to Plaintiff for which there is no adequate remedy at law, and have caused Plaintiff actual monetary damage in an amount thus far not determined.

WHEREFORE, plaintiff demands judgment against defendant as follows:

A    That a judgment be entered that Defendant AMTC has infringed and continues to infringe United States Letters Patent No. 5,991,374 and that such infringement is willful;

B     That the said U.S. Patent is not invalid and is not unenforceable.

C     That Defendant AMTC, its agents, sales representatives, employees, associates, distributors, attorneys, successors and assigns, and any and all persons or entities acting as, through, under or in active participation with any or all of them, be enjoined and restrained preliminarily and permanently from making, using, offering for sale or selling within the United States, or importing into the United States, any products or any methods that infringe the said United States Patent.

D     That a judgment be entered that Defendant be required to pay over to Plaintiff all damages sustained by it due to such patent infringement and that such damages be trebled pursuant to 35 U.S.C. Section 284 for the willful acts of infringement complained of herein;

E     That this case be adjudged exceptional under U.S.C. Section 285, thereby entitling Plaintiff to an award of its reasonable attorneys fees and that such reasonable attorney fees be awarded;

F     That Plaintiff be awarded its costs and prejudgment interest on all damages; and

G     For any and all other such relief as the Court deems just and equitable.

Plaintiff demands a trial by jury.

Dated: November 14, 2008

Daniel Joseph Wood (0037632)
4120 Airport Road
Cincinnati, Ohio 45226
Telephone: (513) 248-5600
Facsimile: (513) 248-5609
Trial Attorney for Plaintiff Info-Hold

Page 4 of 4